UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SANYO NORTH AMERICA CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:06-cv-0405-LJM-WTL |
| ABSOCOLD CORPORATION, DESIGN & MANUFACTURING CORPORATION, AMERICAN INSURANCE COMPANY, CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, FEDERAL INSURANCE COMPANY, INTERNATIONAL INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, OLD REPUBLIC INSURANCE COMPANY, STANDARD FIRE INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, UNITED STATES FIRE INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, AVCO CORPORATION, Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| STANDARD FIRE INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, Cross Claimants, | ) ) ) | |
| vs. | ) ) | |
| ABSOCOLD CORPORATION, Cross Defendant. | ) ) | |

**ORDER ON PENDING MOTIONS**

This cause is now before the Court on: Defendant Old Republic Insurance Company's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) ("Rules 12(b)(6) and 12(b)(1); United States Fire Insurance Company's Motion to Dismiss; American

Insurance Company's Motion to Dismiss; Twin City's Motion to Dismiss; Defendant Old Republic Insurance Company's Motion to Dismiss, and in the Alternative, Answer to Plaintiff's, Sanyo North America Corporation ("Sanyo"), Second Amended Complaint and Affirmative Defenses; and Objection to Magistrate Judge Lawrence's Order Denying Defendant Twin City's Motion to Stay Discovery.

The Court, being duly advised, rules as follows.

## I. BACKGROUND

In 1986, Sanyo Industries (America) Corporation purchased a 110-acre piece of property in Richmond, Indiana ("the Site"), from defendant Design and Manufacturing Corporation ("D&M"). In November 1989, Sanyo Industries (America) Corporation merged into Sanyo North America Corporation ("Sanyo"), the named plaintiff in this suit, to recover environmental clean up costs. Prior to Sanyo's ownership of the property, several other entities had owned the site.

From 1939 until 1947, the property had been owned by Crosley Corporation ("Crosley"). Crosley was acquired by Avco Corporation ("Avco") which acquired the site in 1947. Defendant D&M purchased the site from Avco in 1975 and conducted manufacturing operations along with defendant Absocold Corporation ("Absocold") (D&M and Absocold, collectively, "named business defendants") until the property was purchased by Sanyo in 1986.

Sanyo alleges that it has incurred clean up costs for environmental damage done to the property over the years by the named business defendants, or their successors. It seeks to recover those costs from these defendants. Sanyo also seeks a declaratory judgment that the remaining defendants, all insurance companies ("insurance company defendants") that provided coverage to

D&M and Absocold for environmental damage during various times and in various forms, be declared obligated to provide coverage for those appropriate times.[1]

Several of the defendant insurance companies provided insurance only to D&M, while the remaining companies provided insurance to both D&M and Absocold. Central National Insurance Company of Omaha ("Central National"), Federal Insurance Company ("Federal"), Standard Fire Insurance Company ("Standard"), Twin City Fire Insurance Company ("Twin City"), and Nationwide Insurance Company ("Nationwide"), all provided insurance for D&M only. American Insurance Company ("American"), International Insurance Company ("International"), Liberty Mutual Insurance Company ("Liberty Mutual"), Old Republic Insurance Company ("Old Republic"), United States Fire Insurance Company ("U.S. Fire"), and Employers Insurance Company of Wausau ("Wausau"), all provided coverage for both D&M and Absocold.

Old Republic moved to dismiss the declaratory judgment part of the Complaint as it related to coverage provided to D&M in April of 2007. U.S. Fire moved to dismiss the Complaint as it related to U.S. Fire's insurance contract with D&M in May of 2007. Central National, International, and Standard Fire raise affirmative defenses in their Answers to the Amended Complaint alleging that they cannot be held liable for coverage of D&M because D& M is a dissolved corporation and no longer does business. Nationwide and Wausau raise the same affirmative defense in their Answer to the Amended Complaint. Federal joined in Old Republic's Motion to Dismiss in May of 2007. American and Twin City filed Motions to Dismiss in May of 2007 addressed to the same issue regarding D&M's dissolved state. Liberty Mutual joined in the Old Republic Motion to

---

[1] Sanyo has dismissed two of the original insurance company defendants, Highlands Insurance Company, and National Union Fire Insurance Company of Pittsburgh, Pennsylvania.

Dismiss in May 2007 (all motion, collectively, "dismissal motions"). Sanyo responded to the Motions to Dismiss in June of 2007.

A Second Amended Complaint was filed on July 24, 2007, after permission to do so was granted by this Court. The dismissal motions were all on file prior to the filing of the Second Amended Complaint of July 24, 2007. All the answers containing the affirmative defenses were on file before the Second Amended Complaint. Old Republic renewed it's Motion to Dismiss on August 10, 2007, correctly asserting that its argument for dismissal was not rendered moot by the Second Amended Complaint. Central, International, Standard Fire, and Federal all filed Answers to the Second Amended Complaint and raised the problem of the dissolution of D&M therein. Several insurance company defendants have not responded to the Second Amended Complaint, including, U.S. Fire, Twin City , Liberty Mutual and American. Although they did not notify the Court that they wished to renew their Motions to Dismiss after Sanyo filed the Second Amended Complaint, they have the same grounds for their motions as the renewed Motion to Dismiss of Old Republic. Because the issue regarding the effect of the dissolution of D&M survives the Second Amended Complaint, the Court hereby **DEEMS** that the Motions to Dismiss addressed to the Amended Complaint do not need renewal and remain viable. The Court hereby **DEEMS** the Answers filed to the Amended Complaint as filed as answers and affirmative complaints against the Second Amended Complaint.

## II. DISCUSSION

### A. INSURANCE COMPANIES WHO INSURED D&M ONLY

The first issue to be addressed is whether the insurance policies which were issued to D&M can now be prevailed upon to cover the alleged damages owed by D&M for any alleged

4

environmental contamination to the Site. On July 26, 1990, D&M voluntarily dissolved and ceased to exist. The statute of limitations found in Indiana Code § 23-1-45-7 precludes claims brought against a voluntarily dissolved corporation two years after the dissolution. These claims are brought against D&M well outside that statute. If these environmental claims are precluded by the statute of limitations, then any attempt to proceed against companies insuring those claims are precluded as well.

Sanyo suggests that a threshold issue here is whether D&M was in fact properly dissolved. Sanyo suggests that D&M was not properly dissolved because there was no indication anywhere in the record that D&M gave the required notices to the appropriate parties in order to enjoy the protections afforded by Indiana law to voluntarily dissolved corporations. In their reply to Sanyo's response to the Motion to Dismiss, U.S. Fire, Twin City and American provide the dissolution papers of D&M.

Ordinarily a motion to dismiss will not be granted if facts outside the pleadings are presented to and are required to be considered by the Court in making the decision. On occasion, courts have determined to treat a motion to dismiss as a motion for summary judgment when facts outside the pleadings are presented and the opposing party has an opportunity to adequately address the issue. *See, e.g.*, *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002) (discussing the circumstances under which a court may consider documents outside the pleadings under Rule 12(b)). Here it is apparent that Sanyo had the dissolution papers in its possession prior to the filing of any of the Motions to Dismiss. In correspondence between American and Sanyo and attached as an exhibit to American's reply is a letter evidencing that as early as August 29, 2006, Sanyo had in its possession the dissolution papers. It cannot be said that Sanyo did not have an adequate and

reasonable time in which to examine the papers and make a studied response thereto.  Therefore, the Court hereby converts the Motions to Dismiss to Motions for Summary Judgment on this issue.

Sanyo argues that the two-year statute of limitations cannot be invoked by the defendant insurance companies because the dissolution statute requires notice to creditors and notice to the Indiana Department of Revenue, the Indiana Employment Security Division, and the Unclaimed Property Section for the Attorney General.  For the purposes of this Order, the Court will assume that these notices were not given as none of the attached exhibits purports to show that these notices were given.  Nothing in the statute or in the official comments thereto suggest that the notices are a condition precedent to the application of the two-year statute.  The notice procedures may shorten the statute but do not extend or vitiate it.  *See* Official Comments to Ind. Code §§ 23-1-45-6 & 23-1-45-7.  The Court concludes that D&M is properly dissolved under the Indiana law.

The Court now turns to the question of whether the two-year statute of limitations on actions against dissolved corporation is trumped by the provisions of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").  This analysis begins with Rule 17(b), which states:  "The capacity of a corporation to sue or be sued shall be determined by the law under which it is organized."  Rule 17(b) points specifically to the state statute of limitations for filing actions against dissolved corporations.  Sanyo's argument is that CERCLA's good purposes trump the state's incorporation law.  To the contrary is *Citizens Electric v. Bituminous Fire and Marine Insurance Co.*, 68 F.3d 1016 (7th Cir. 1995).

In *Citizens Electric*, a suit had been brought under CERCLA against a dissolved corporation for contamination clean up costs.  *Id.* at 1018.  Illinois had a five-year statute of limitations applying to suits against dissolved corporations.  *Id.*  Therein, the Seventh Circuit held that nothing about CERCLA or the policies that underlay CERCLA override a state's right to determine the capacity

of a corporation to be sued. *Id.* at 1019. While it is true that the Illinois statute of limitations is somewhat different than the Indiana statute, the bottom line is the same. The law in the Seventh Circuit is that the state limitation on suing dissolved corporations applies in CERCLA cases such as this one.

In addition, an Indiana case, although not addressing CERCLA, discussed the limitation issue in a case involving the Indiana Underground Storage Act ("IUSA"). *Lovold v. Galyan's Brownsburg, Inc.*, 764 N.E.2d 281 (Ind. Ct. App. 2002). The issue was whether the two year statute of limitations which precludes suit against a dissolved corporation shielded that corporation in a suit alleging cleanup responsibility for environmental damages apparently caused by a leaky underground. *Id.* at 285-86. The *Lovold* court held that public policy favoring environmental clean-up did not override the limitation. *Id.* at 286. In so doing, the court cited *Citizens Electric* with favor. *Id.*

Precedent dictates, therefore, that the insurance company defendants' motions should be granted. This Court concludes, as did *Citizens Electric*, that Indiana's two-year statute of limitations applies in this case and, as it is too late to sue D&M, it is too late to sue the companies that wrote its insurance.

### B. INSURANCE COMPANIES WHO INSURED ABSOCOLD

Liberty Mutual, Old Republic, U.S. Fire and American all issued policies to Absocold as well as D&M; therefore, their coverage responsibility to Absocold remains unchanged so far by this Order. These insurance companies move to dismiss Sanyo's declaratory judgment action for the further reason that it is an impermissible direct action. This Court disagrees. Here Sanyo is seeking a declaration from the Court that coverage exists. These actions are permitted in Indiana. *See City*

*of South Bend v. Century Indemnity Company*, 821 N.E.2d 5 (Ind. Ct App.), *trans. denied*, 841 N.E.2d 181 (2005); *Wilson v. Continental Casualty Co.*, 778 N.E.2d 849 (Ind. Ct. App. 2002), *trans. dismissed*, 792 N.E.2d 44 (2003); *Community Action of Greater Indianapolis v. Ind. Farmers Mut. Ins. Co.*, 708 N.E.2d 882 (Ind. Ct App.), *trans. denied*, 726 N. E. 2d 305 (1999).

The Motions to Dismiss raise a further issue. The insurance company defendants also argue that Sanyo's declaratory judgment action is premature and non-justiciable. The three cases cited above defeat this argument. Specifically, as stated in *Wilson*: "Equal ability to know whether a provable loss is subject to insurance indemnification will be a positive step towards settlement and will make litigation outcome dispositive, collectible and credible. We believe Indiana's civil litigants deserve no less." *Wilson*, 778 N.E.2d at 852. The Court notes that *Wilson* was decided by the Indiana Court of Appeals and that such a decision does not bind this Court. Even so, the Supreme Court of the State of Indiana had an opportunity to review the *Wilson* decision and unanimously dismissed the transfer. The Court finds that Sanyo's declaratory judgment action is not pre-mature.

The insurance company defendants also ask that this Court to not exercise its supplemental jurisdiction over the declaratory judgment action. This Court has supplemental jurisdiction over those claims under 28 U.S.C. 1367(a). Judicial economy, convenience and fairness all suggest that the Court should exercise it. The claims against Absocold and the insurance companies are grounded upon the same facts. Having all the appropriate parties before this Court would make for the kind of judicial economy that supplemental jurisdiction favors.

### III. CONCLUSION

For the reasons stated herein, Defendant Old Republic Insurance Company's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (Docket No. 102), and Defendant Old Republic Insurance Company's Motion to Dismiss, and in the Alternative, Answer to Plaintiff's Second Amended Complaint and Affirmative Defenses (Docket No. 257) are **GRANTED in part and DENIED in part**. United States Fire Insurance Company's Motion to Dismiss (Docket No. 152), American Insurance Company's Motion to Dismiss (Docket No. 179), and Twin City's Motion to Dismiss (Docket No. 181), are **GRANTED**. Further, because Twin City wrote insurance only for D&M, plaintiff's, Sanyo North America Corporation, claims against Twin City are **DISMISSED with PREJUDICE** and Twin City is **DISMISSED from this case**. Central, Federal, Standard and Nationwide also only provided insurance coverage to D&M but did not file a Motion to Dismiss, choosing only to raise the issue of the statute of limitations as an affirmative defense in their respective Answers to the Second Amended Complaint. The Court now finds that no further briefing need take place, that Sanyo has had an adequate opportunity to present its views and that Sanyo's claims against defendants Central National Insurance Company of Omaha, Federal Insurance Company, Standard Fire Insurance Company, and Nationwide Insurance Company are **DISMISSED with PREJUDICE**; these defendants are also now **DISMISSED from this case**.

The Court having made its ruling on the pending Motions to Dismiss now finds that Twin City Fire Insurance Company's Objection to Magistrate Judge Lawrence's Order Denying Defendant Twin City's Motion to Stay Discovery (Docket No. 266) is **MOOT**.

IT IS SO ORDERED this 6th day of March, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Electronically distributed to:

Knight S. Anderson
HILL FULWIDER MCDOWELL FUNK MATTHEWS
knight@hfmfm.com

Jennifer R. Bergstrom
CLAUSEN & MILLER, PC
jbergstrom@clausen.com

Jeffrey M. Boldt
LOCKE REYNOLDS LLP
jboldt@locke.com

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
jboyers@woodmclaw.com

Stephen P. Brown
PLUNKETT & COONEY PC
sbrown@plunkettcooney.com

Charles W. Browning
PLUNKETT & COONEY, P.C.
cbrowning@plunkettcooney.com

Amelia K. Christensen
MERLO KANOFSKY BRINKMEIER & GREGG, LTD
akc@merlolaw.com

Robert Ballard Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Brian C. Coffey
COHN BAUGHMAN & MARTIN
brian.coffey@mclolaw.com

Frank J. Deveau
SOMMER BARNARD ATTORNEYS, PC
fdeveau@sommerbarnard.com

Carrie Gibson Doehrmann
LOCKE REYNOLDS LLP
cdoehrmann@locke.com

Dale W. Eikenberry
WOODEN & MCLAUGHLIN LLP
deikenberry@woodmaclaw.com

Jennifer M. Ellin
WILSON & RYAN
jellin@ffic.com

Jonathan P. Emenhiser
PLEWS SHADLEY RACHER & BRAUN
jemenhiser@psrb.com

Michael R. Gregg
MERLO KANOFSKY BRINKMEIER & GREGG LTD
mrg@merlolaw.com

J. Matt Harnish
LOCKE REYNOLDS LLP
mharnish@locke.com

Alex C. Intermill
BOSE MCKINNEY & EVANS, LLP
aintermill@boselaw.com

Timothy F. Jacobs
CLAUSEN MILLER, PC
tjacobs@clausen.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Wayne S. Karbal
KARBAL COHEN ECONOMOU SILK & DUNNE LLC
wkarbal@karballaw.com

Ilene M. Korey
CLAUSEN MILLER, PC
ikorey@clausen.com

Misty Rose Martin
SEGAL MCCAMBRIDGE SINGER & MAHONEY
mmartin@smsm.com

Lawrence D. Mason
SEGAL MCCAMBRIDGE SINGER & MAHONEY
lmason@smsm.com

Tammy Jo Meyer
LEWIS & WAGNER
tmeyer@lewiswagner.com

Charles F. Morrissey
KARBAL COHEN ECONOMOU SILK & DUNNE
cmorrissey@karballaw.com

Thomas F. O'Gara
SOMMER BARNARD ATTORNEYS, PC
togara@sommerbarnard.com

Amy R. Paulus
CLAUSEN MILLER, PC
apaulus@clausen.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Peter Jon Prettyman
SOMMER BARNARD ATTORNEYS, PC
pprettyman@sommerbarnard.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Allison M. Scott
SEGAL MCCAMBRIDGE SINGER MAHONEY
ascott@smsm.com

Richard S. VanRheenen
BOSE MCKINNEY & EVANS, LLP
rvanrheenen@boselaw.com

Christopher N. Wahl
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
chris@hfmfm.com

Thomas E. Wheeler II
LOCKE REYNOLDS LLP
twheeler@locke.com

Patrick Eugene Winters
PLUNKETT & COONEY PC
pwinters@plunkettcooney.com